THE STATE, EX REL. THOMAS, *v.* HEUCK ET AL., BUDGET COMMISSION, ET AL.

(Decided July 23, 1934.)

*Mr. W. Ray Skirvin* and *Mr. Urban C. Varnau,* for plaintiff in error.

*Mr. Louis J. Schneider,* prosecuting attorney, *Mr.*

*Walter M. Locke, Mr. John D. Ellis,* city solicitor, and *Mr. Henry M. Bruestle,* for defendants in error.

Ross, J.   This case is presented to this court on error from the Court of Common Pleas of Hamilton county, wherein judgment was rendered in favor of the defendants, the petition and supplemental petitions were dismissed, and the injunction prayed for by the plaintiff was denied.   The case was heard by three Common Pleas Judges, all of whom joined in the opinion.

The plaintiff in error, Albert N. Thomas, relator below, is a taxpayer who seeks to enjoin the Budget Commission of Hamilton county and the city of Cincinnati from levying any general property tax for the city of Cincinnati and Hamilton county not within the general limitation upon taxation fixed by state law and the Constitution, regardless of any provisions of the Charter of the city of Cincinnati permitting taxation beyond such general limitation.

On July 12, 1933, the Council of the city of Cincinnati adopted the annual budget for current operating expenses of the year 1934, levied a tax of 6.65 mills on the dollar of assessed valuation, and upon the same date provided for the annual mandatory levies for the year 1934 to pay interest, sinking fund and retirement charges on all bonds and notes of the city, and further levied a tax of $2,890,129 upon the real and personal property on the city duplicate therefor.   Upon submission of such budget to the Budget Commission a tax rate required for debt service was fixed at .89 mills, within the fifteen mill limitation provided by law, and 2.68 without the limitation for refunding bonds.   The city consented to a reduction of its levy for operating expenses from 6.65 to 6.35 mills, the Budget Commission placing 4.39 mills thereof within the fifteen mill limitation and 1.96 mills without.

On November 22, 1933, the city authorized the tax levies and certified the same to the County Auditor.

It is the contention of the plaintiff in error that this 1.96 mills without the fifteen mill limitation is illegal and contrary to the statutes of the state of Ohio and the Constitution thereof.

The Charter of the city of Cincinnati was amended by a vote of the people in November, 1926, such amendment becoming effective January 1, 1927. As amended, Sections 1, 2, 3 and 4, Article VIII, read as follows:

"Section 1. The city shall have all powers of municipal home rule and taxation granted by Sections 5649-10, 5649-10a, 5649-10b of the General Code, and all other provisions of law and of the constitution of Ohio now or hereafter in force.

"Section 2. A complete budget system of municipal receipts and expenditures is hereby established in accord with Sections 1, 3, 4, 5, 6, 7, 8, 9, and 10 of the act passed April 17, 1925, 111 Ohio Laws 371. Council may make changes, amendments or modifications in said budget system to make it conform to amendments hereafter made in said budget law, and such other changes, amendments or modifications therein, not affecting the substance or completeness of said system as council shall have power to make under the laws and constitution of the state.

"Section 3. The council shall annually levy a tax for current operating expenses on the real and personal property in the city for the purposes of the city of Cincinnati, its boards, departments and institutions. The rate of such tax shall not exceed six and sixty-five hundredths (6.65) mills on the dollar of assessed valuation. Out of said total maximum levy fifty-five hundredths (.55) of a mill may be levied only for the purposes of the University of Cincinnati, and at the request of the board of directors of the said University all or any part of said rate shall be levied. Out of said total maximum levy one-tenth (1-10) of a mill

may be levied only for recreational purposes and at the request of the public recreation commission all or any part of said rate shall be levied.

"Section 4. The council shall annually levy outside of the limitations provided in this charter a sufficient sum to pay the interest, sinking fund and retirement charges on all bonds and notes of the city of Cincinnati, lawfully issued, rents due on perpetual leaseholds of the corporation not payable from a special fund, and the expenses incident to the management of the sinking fund, which entire levy shall be placed before and in preference to all other levies. Amounts certified under the laws of the state as necessary for such purposes shall not be subject to change by the council."

The state statutes in force at the time of the adoption of the amendment to the city Charter, quoted, provided that the limitations provided for cities should not apply to any municipality which by its charter or amendment thereto provides for a complete budget system of municipal receipts and expenditures, and further provides for a limitation on the total tax rate which may be levied without a vote of the people for all purposes, *or* for current operating expenses, by the legislative authority of such municipality in each year, on the tax list of real and personal property therein. It was also provided that upon approval vote of the people the municipality could levy outside the tax limitation provided for in the charter. Section 5649-10, General Code, read:

"The provisions of sections 3786, 3788, 3789, 3790, 3791, 3792, 3793, 3794, 5649-2, 5649-3a, 5649-3b, 5649-3c, 5649-4, 5649-5, 5649-5a, 5649-5b, 5649-6, 5649-6a, 5649-6b, 5649-6c, 5649-6d, and 5649-7 of the General Code, and of House Bill No. 58, enacted by this section [session] of the General Assembly, entitled 'An Act to provide for the levy of taxes by local subdivisions, and amending section 5649-4 of the General Code, and repealing sections 5649-4, 5649-5, 5649-5a, 5649-6a, 5649-

6b and 5649-6c of the General Code,' shall not apply to any municipality, which by its charter or amendment thereto provides for a complete budget system of municipal receipts and expenditures, and further provides for a limitation on the total tax rate which may be levied without a vote of the people for all purposes or for current operating expenses by the legislative authority of such municipality in each year on the tax list of real and personal property therein.

"Said charter or charter amendment may also provide for the levying of taxes by said legislative authority outside of said charter limitation upon approval by the majority of the electors of said municipality voting thereon at a November election."

The successor section to Section 5649-10, to wit: Section 5625-14, General Code, effective August 11, 1927, (112 Ohio Laws, 391, 397), carried the same provisions excepting a charter city from the general tax limitations if a limitation was provided for in the charter of the city applying to taxes for all purposes or for current operating expenses. The legislation and Charter of the city of Cincinnati in no way violate the pertinent constitutional provisions:

Article XII, Section 2. "No property, taxed according to value, shall be so taxed in excess of one and one-half per cent of its true value in money for all state and local purposes, but laws may be passed authorizing additional taxes to be levied outside of such limitation, either when approved by at least a majority of the electors of the taxing district voting on such proposition, or when provided for by the charter of a municipal corporation. Land and improvements thereon shall be taxed by uniform rule according to value. All bonds outstanding on the first day of January, 1913 of the state of Ohio or of any city, village, hamlet, county or township in this state, or which have been issued in behalf of the public schools of Ohio and the means of instruction in connection therewith,

which bonds were outstanding on the first day of January, 1913 and all bonds issued for the world war compensation fund, shall be exempt from taxation, and, without limiting the general power, subject to the provisions of article I of this constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose, but all such laws shall be subject to alteration or repeal; and the value of all property so exempted shall, from time to time, be ascertained and published as may be directed by law.''

Article XIII, Section 6. ''The general assembly shall provide for the organization of cities, and incorporated villages, by general laws; and restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent the abuse of such power.''

Article XVIII, Section 13. ''Laws may be passed to limit the power of municipalities to levy taxes and incur debts for local purposes, and may require reports from municipalities as to their financial condition and transactions, in such form as may be provided by law, and may provide for the examination of the vouchers, books and accounts of all municipal authorities, *or* of public undertakings conducted by such authorities.'' (Italics ours.)

A great portion of the brief of the plaintiff in error is devoted to the proposition that even charter cities are controlled by legislative limitation, as authorized in the Constitution. There can be no doubt upon this point.

A further contention of the plaintiff in error is that the city in its Charter has not brought itself within

the legislation excluding it from general tax limitations, in that it has no limitation for all purposes. In other words, the italicized word *"or"* must be considered as reading "and". We are unable to follow counsel in this contention. It seems clear to us that the Charter is fully within the provisions of the act in force at the time of the adoption of the amendment to the Charter, and also within the provisions of the successor statute carrying the same proviso.

It is contended also that the people have not had a right to express their wishes upon the tax limitation in the charter since adoption of the new classification of property and the elimination of certain classes of personal property from taxation. This may be a very valid reason for a change in legislative policy, or for a submission of an amendment of the charter to a vote of the people of the city. It, however, is not properly addressed to a court considering the power vested in the city by its charter under the acts of the Legislature applicable thereto, consistent with the provisions of the Constitution of the state.

We conclude, therefore, that the city did not exceed the limitation provided for in the Charter, and, that, although the tax levied was 1.96 mills in excess of the general limitation, such excess is permitted by the sovereign power of the state as expressed in the acts of the Legislature referred to.

Other criticisms mentioned by the plaintiff in error we consider ineffective to limit the power vested in the city by the amendment to its Charter.

*Judgment affirmed.*

HAMILTON, P. J., concurs.